IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Taquan L. Brown, | ) | |
| | ) | |
|         Petitioner, | ) | Civil Action No. 0:22-cv-00159-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
|         Respondent. | ) | |
| _____ | ) | |

      Petitioner Taquan L. Brown ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus on January 18, 2022. (ECF Nos. 1; 10; 14 at 1 n.1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On April 11, 2022, Petitioner filed an Amended Petition. (ECF No. 19). Thereafter, on August 12, 2022, Respondent filed a Motion for Summary Judgment. (ECF No. 43). Petitioner filed his response in opposition to the motion on September 1, 2022, (ECF No. 47), to which Respondent replied, (ECF No. 51).

      Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment and deny Petitioner's Amended Petition. (ECF No. 57). Petitioner was advised of his right to file objections to the Report within fourteen days. *Id*. at 14. Accordingly, Petitioner's objections were originally due on December 1, 2022, including the additional three days afforded Petitioner for service by mail under Fed. R. Civ. P. 6(d). However, since the entry of the magistrate judge's Report, Petitioner has filed multiple, and often overlapping, motions for extension of time in which to file his objections, (ECF Nos. 59; 66; 71; 72; 76). On January 18, 2023, the court entered a text order granting Petitioner a final extension of seven (7) days in which to file any objections to the Report,

1

making his new deadline January 25, 2023. (ECF No. 77). The court noted in its text order that, pursuant to Fed. R. Civ. P. 6(a)(1)(C) and (d), "Petitioner is entitled to an additional three days for service by mail and the last day of the deadline continues until a day that is not a Saturday, Sunday, or legal holiday[,]" such that Petitioner must, therefore, "mail any objections on or before Monday, January 30, 2022 [sic]." *Id.*; *see also Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (establishing the prison mailbox rule under which an inmate is deemed to have filed any pleading or responsive document upon his delivery of the same to the prison mailroom). The court further warned Petitioner that no further extensions of the deadline to file objections would be granted. (ECF No. 77). Despite the multiple extensions of his deadline and the court's warnings that no further additional time would be granted, Petitioner has failed to file any objections to the magistrate judge's Report and the time in which to do so has now expired.[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not

---

[1] The court notes that on January 25, 2023, it received a packet of three documents from Petitioner: (1) a cover letter from an investigator with the 14th Circuit Public Defender's Office to Petitioner attaching copies of a toxicology and autopsy report which Petitioner had requested; (2) two pages of an autopsy report conducted by the Medical University of South Carolina on November 21, 2013; and (3) a letter from a South Carolina appellate defender to Petitioner, dated October 29, 2015, regarding his potential representation of Petitioner on appeal from Petitioner's trial. (ECF No. 79). Petitioner included no cover letter with these documents, none of which appear to have any relevance or relation to the findings or conclusions in the magistrate judge's Report. Moreover, to the extent these documents were intended to support any objections Petitioner may submit, the court notes that Petitioner has failed to file any objections by the deadline and, although the court is charged with liberally construing a *pro se* party's filings, the court declines to attempt to divine the significance of these documents absent any explanation or properly filed objections from Petitioner. Therefore, to the extent these documents could be construed as objections to the Report, they are overruled as non-specific and unresponsive to the dispositive findings and conclusions in the Report.

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 57), and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 43) is **GRANTED** and Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 19) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2023